422 So.2d 1128 (1982)
STATE of Louisiana
v.
Joe WILLIE.
No. 82-KA-0200.
Supreme Court of Louisiana.
November 29, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, Leon Cannizzaro, William R. Campbell, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Dwight Doskey, Howard McCurdy, New Orleans, Orleans Indigent Defender Office, for defendant-appellant.
MARCUS, Justice.
Joe Willie was indicted by the grand jury for aggravated rape in violation of La.R.S. 14:42. After trial by jury, defendant was found guilty as charged and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension *1129 of sentence. Defendant urges only one assignment of error on appeal.
Defendant contends that his conviction for aggravated rape cannot stand because the distinction between aggravated rape and forcible rape is unclear. He argues that the failure of these two statutes to distinguish the degree of criminality between aggravated rape as defined in La. R.S. 14:42(2)[1] and forcible rape, La.R.S. 14:42.1[2] renders the statutory scheme unconstitutionally vague. In addition, he argues that since there is a genuine ambiguity as to the permissible sentence for specifically prohibited conduct, the lesser penalty should be imposed.[3]
Having previously decided this issue adverse to defendant, we find no merit to this contention. In State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979), the defendant contended that the trial judge erred in denying his motion to quash the indictment and motion in arrest of judgment on grounds that La.R.S. 14:42 was unconstitutionally vague and overbroad. He argued, as does defendant here, that the law was ambiguous because there was virtually no difference between the elements of the crime of forcible rape and the crime of aggravated rape with which he was charged. Relying on State v. Fletcher, 341 So.2d 340 (La.1976), we rejected this argument and held:
[La.R.S. 14:43.1] (now La.R.S. 14:42.1) merely created a lesser degree of the crime, permitting a responsive verdict, La.C.Cr.P. art. 814, subd. A(8) (as amended in 1975), to the charge of aggravated rape, La.R.S. 14:42. It does not, as defendant contends, repeal or make ambiguous the more serious offense of aggravated rape defined by Subsection (2) of the latter statutepunishing sexual intercourse without the lawful consent of the female since committed "Where [she] is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution." (Footnote omitted.)
Recently, in State v. Parish, 405 So.2d 1080 (La.1981) (on rehearing), we held that although the legal definition of aggravated rape as set forth in La.R.S. 14:42(2) is virtually identical to that of forcible rape (La. R.S. 14:42.1), a distinction can be made based on the "degree of force employed and the extent to which the victim resists." We concluded that it was the legislative aim to divide the continuum of acts of coerced sexual intercourse into two categories, aggravated rape and forcible rape, thereby assigning to the jury the function of fixing the range of permissible punishment for convicted offenders by returning a verdict which appropriately fits the crime and the degree of force employed. Therefore, we noted that the question called upon us to decide was whether under the standard of appellate review set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), defendant actively desired to cause the specific results required *1130 by both the aggravated and forcible rape statutes and that the degree of force employed warranted punishment in the greater, rather than lesser, degree. In Parish, the jury returned a verdict of attempted aggravated rape; however, we concluded that the evidence did not constitutionally justify the jury's election to return a verdict of aggravated rape rather than forcible rape, that is, the degree of force employed did not warrant punishment in the greater degree as attempted aggravated rape, but rather in the lesser degree as attempted forcible rape. Hence, following the dictates of State v. Byrd, 385 So.2d 248 (La.1980), we reversed the conviction and sentence and remanded the case to the district court with instructions to enter a judgment of conviction of attempted forcible rape and to impose a sentence for that crime.
In the instant case, defendant does not appear to contend, as did defendant in Parish, that there is insufficient evidence of the degree of force necessary to convict him of aggravated rape. Nonetheless, we will review the evidence adduced at the trial of this matter in order to determine whether the evidence constitutionally justifies the jury's verdict of aggravated rape.
The victim and a companion were attending a conference in the City of New Orleans and were staying in separate rooms in a Bourbon Street hotel. After attending the day's meeting followed by a social hour, dinner and entertainment, the two decided to retire for the night at approximately 11:30 p.m. They went to their rooms and each waited for the other to get out their room keys and the victim's friend entered her own room first. The victim had her door half open when she was grabbed from behind around the neck by a man later identified as the defendant. She was told not to scream. Defendant threatened: "I've got a knife. If you cooperate you've got a chance. If not you're a dead lady." Despite this threat, she screamed and tried to place her foot in the door. She was kicked from behind forcing her into the room and the door was slammed. Her companion testified that she heard the scream and a door slam. She stepped back into the hall, hearing no further screams nor observing any disturbance, she dismissed the screams as noise from Bourbon Street, below her hotel room, and retired to bed.
As the victim was forced into the room, defendant choked her and pushed her onto the bed while continuously repeating his threats. He jumped on top of her and straddled her around the waist pinning her down with one hand around her neck. With the other hand, he searched her purse, removed a ring from her makeup case and emptied the belongings from her suitcase. He made the victim keep her eyes closed and with every attempt she would make to open them he would choke her and threaten to kill her. He then told her that he was a junkie and that she knew what a junkie would do for money. He asked her for drugs and she told him she had some medication in the bathroom. Defendant then dragged her to the bathroom while he searched through the victim's medicine. He then brought the victim back to the bedroom and began to take her clothes off. He took his clothes off and began to force himself upon the victim. She pushed him and tried to keep him away but defendant knocked her down, used obscenities and again threatened to kill her unless he was satisfied. Defendant then raped the victim.
This ordeal lasted approximately two hours. During the rape, the defendant inflicted a large number of cuts, bruises and abrasions to the victim's upper torso and face. These injuries were caused by defendant biting the victim on the breasts, choking her, and hitting her in the face. The victim testified that the defendant was able to rape her "because [she] couldn't fight him. He was stronger than [her] and he was going to kill [her] and [she] believed that." After defendant completed the rape, the victim was able to strike him on the head with a travel iron, escape from the room, and obtain help from another hotel guest who called the hotel security. Defendant was found by a hotel security guard unconscious and totally nude in the victim's room.
*1131 Viewing the evidence in the light most favorable to the prosecution, we conclude that the jury could have found beyond a reasonable doubt that defendant raped the victim either under circumstances (1) where the victim resisted the act to the utmost, but her resistance was overcome by force (La.R.S. 14:42(1)) or (2) where the victim was prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution (La.R.S. 14:42(2)), with a sufficient degree of force to warrant punishment in the greater degree as aggravated rape rather than the lesser degree as forcible rape. Hence, the evidence constitutionally justifies the jury's verdict of aggravated rape.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
NOTES
[1] La.R.S. 14:42 provides in pertinent part:

Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or....
[2] La.R.S. 14:42.1 provides in pertinent part:

Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
[3] The penalty for aggravated rape is life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The penalty for forcible rape is imprisonment at hard labor for not less than two years nor more than forty years, at least two years of which must be without benefit of probation, parole, or suspension of sentence.