437 So.2d 855 (1983)
STATE of Louisiana
v.
Carl L. JACKSON.
No. 82-KA-1369.
Supreme Court of Louisiana.
September 2, 1983.
Rehearing Denied October 7, 1983.[*]
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., W. Gregory Arnette, Jr., Dist. Atty., Abbott J. Reeves, W.J. Riley, III, Asst. Dist. Attys., for plaintiff-appellee.
Wayland Vincent, Crowley, Charles L. Bull, Jr., Welsh, for defendant-appellant.
BLANCHE, Justice.
The defendant, Carl Jackson, was indicted for the crime of aggravated rape, a violation of La.R.S. 14:42. Following trial, the jury returned a unanimous verdict finding the defendant guilty as charged. The trial judge sentenced the defendant to life imprisonment without benefit of probation, parole or suspension of sentence.
On appeal to this court, the defendant advances thirteen assignments of error. In this opinion, we treat assignments number 2 through 7. None of the remaining assignments of error present reversible error, and they are governed by clearly established principles of law; therefore, they will be treated in an unpublished appendix which will comprise part of the record in this case.
Prior to the attack, the victim, aged twelve, was asleep in her aunt's house in Welsh, Louisiana.[1] During the early morning hours of October 31, 1981, the victim *856 was awakened by the sound of a man entering her room. She immediately recognized the intruder to be the defendant, Carl Jackson. According to the victim's testimony at trial, the defendant pushed her and threatened to kill her if she refused to disrobe. When she did not undress, the defendant removed her clothes, climbed on top of her and forced her to have sexual intercourse with him. The victim testified that she was frightened and did not cry out. She further stated that she did not observe a dangerous weapon on the defendant's person.
The victim's aunt, who was asleep in another room of the house during the time of the offense, testified that the victim came to her bed early in the morning on October 31st and was afraid. The victim would not reveal at that time what had occurred. Before the aunt could go back to sleep, she heard noises in the house and saw a man standing in the archway of her home. She ran next door to awaken her brother-in-law, the victim's uncle. After the brother-in-law searched the aunt's house and found no one, the victim informed him that Carl Jackson had attacked her. The brother-in-law telephoned the police.
Police officers investigating the offense discovered no evidence of forced entry into the home, although one door leading outside was found to be unlocked. Blood was observed on the victim's bed and undergarments. A subsequent physical examination of the victim by Dr. Broussard revealed several lacerations of the victim's inferior hymen and her vaginal wall. Dr. Broussard testified that the injuries were serious and resulted from forced entry. Specimens taken from the victim's vaginal area revealed no traces of spermatozoa or acid phosphatase.
Several hours after the police were called to investigate, the defendant was brought in for questioning. During that same day, the defendant gave three separate statements. In one statement, he admitted having sexual intercourse with the victim.
At trial the defendant testified that he did not commit the offense and was out drinking with friends during the time the attack allegedly occurred. Several witnesses testified on his behalf that they were with the defendant during the early morning hours of October 31, 1981.
The jury, obviously disbelieving the defendant's alibi defense, found the defendant guilty of aggravated rape.

ASSIGNMENTS OF ERROR NOS. 2 THROUGH 7
By these assignments, the defendant contends that the state failed to prove, beyond a reasonable doubt, several essential elements of the crime of aggravated rape, specifically: (1) that the victim and the defendant were not married, (2) that there was in fact sexual intercourse between the victim and the defendant, (3) that the defendant was the person who perpetrated the offense and (4) that the victim was prevented from resisting by threats of great and immediate bodily harm accompanied by the apparent power of execution.
Each of the four contentions assigned as error by the defendant concerns the sufficiency of evidence adduced at trial. This court, in reviewing questions of sufficiency of evidence, is governed by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Sims, 426 So.2d 148 (La.1983); State v. Johnson, 426 So.2d 95, 101 (La.1983). Under Jackson v. Virginia, the reviewing court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319, 99 S.Ct. at 2789.
The defendant initially argues that the state did not prove beyond a reasonable doubt that the victim and defendant were not married. La.R.S. 14:41 defines rape in part as sexual intercourse with one "who is not the spouse of the offender". As correctly noted by the defendant, the prosecutor did not ask the victim whether she was the defendant's spouse. Evidence was presented at trial, however, from which the *857 jury could draw the conclusion that the defendant and the victim were not married. It was established by the state that the victim was twelve years old and was residing with her aunt at the time the rape occurred. The defendant was not a member of the aunt's household. In addition, when the victim was questioned by the defense counsel as to how she knew the defendant, she replied, "Well, I've seen him around." Counsel then inquired, "That's it?" and the victim responded, "Yes." Later in the trial, the defendant himself testified that he had never met the victim prior to October 31, 1981, the date of the rape. With this evidence before it, any rational jury could have concluded beyond a reasonable doubt, that the defendant was not the spouse of the victim. Hence, we find this argument to be without merit.
The defendant next contends that the evidence was insufficient to establish beyond a reasonable doubt that there was sexual intercourse between the victim and the defendant. We find this argument to be meritless. The victim testified that the defendant climbed on top of her and "penetrated" her. Blood was found on her underwear and bedsheets. Dr. Broussard, who examined the victim on the day of the rape, testified that he discovered lacerations of the inferior hymen and vaginal wall. He further stated that there had been forcible entry. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could be convinced beyond a reasonable doubt that sexual intercourse did occur.
Defendant argues that the state failed to prove that he was the person who committed the present offense. More specifically, he contends that the victim's in-court identification was suspect in view of the poor lighting at the time the rape occurred. We find the defendant's contention without merit. The victim testified that a light from the kitchen illumined the face of the man who entered the room. She immediately recognized the man to be Carl Jackson, a person she had known prior to the offense. That same morning, she informed her uncle that Carl Jackson had attacked her. When the police arrived, she named the defendant as her assailant. We find any rational trier of fact could have concluded beyond a reasonable doubt that the defendant was the person who raped the victim.
The defendant further argues the prosecution did not prove beyond a reasonable doubt that the force exerted by defendant or the extent of the victim's resistance was of the degree necessary to convict him of aggravated rape.
The crime of aggravated rape is set forth in La.R.S. 14:42 as follows:
"Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or
(4) Where the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense."
As discussed earlier in these assignments, the evidence does establish beyond a reasonable doubt that a rape was committed as defined in La.R.S. 14:41. The evidence shows that the defendant had vaginal intercourse with the victim who is not his spouse and without her consent. The question remains, however, whether the rape was committed under one of the circumstances listed in La.R.S. 14:42.
Subsections (3) and (4) are not applicable to our case. The victim is twelve years old, and there is little evidence that the defendant was armed with a dangerous weapon. As a result, the state was required to prove that the rape occurred either under the *858 circumstance listed in subsection (1) or the circumstance provided in subsection (2).
We first consider whether the rape occurred under the circumstance set forth in La.R.S. 14:42(2), i.e. "where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution." Any rational juror could have concluded that the technical wording of subsection (2) was satisfied by the evidence presented in this case. The victim testified that the defendant threatened to kill her. At the time of the attack, she was twelve years old, ten years younger than the defendant. At one point, she attempted to escape, but the defendant grabbed her arm. The victim testified that she was frightened and would do anything the defendant asked.
Although we find the evidence is sufficient to convince a rational jury beyond a reasonable doubt that the express language of subsection (2) of La.R.S. 14:42 was satisfied, this does not end our inquiry. We also must determine whether any reasonable jury, viewing all of the evidence, could find beyond a reasonable doubt that the degree of force employed was sufficient to convict the defendant of aggravated rape as opposed to forcible rape. In State v. Parish, 405 So.2d 1080 (La.1981), we noted that the legal definition of aggravated rape set forth in La.R.S. 14:42(2) was virtually identical to forcible rape. See also State v. Willie, 422 So.2d 1128 (La.1982). The sole distinction between the two crimes is the "degree of force employed and the extent to which the victim resists." 405 So.2d at 1087. A greater degree of force is necessary to justify the more serious punishment imposed for aggravated rape. Unfortunately, there is no magic formula to determine which acts of coerced sexual intercourse warrant the greater punishment of aggravated rape rather than forcible rape. Each case must be examined on its own facts.
We hold that evidence in this case is sufficient to justify the jury verdict of aggravated rape. The magnitude of the force exerted upon the victim is most clearly evidenced by the injuries she sustained as a result of the attack. Blood was found on her underclothes and her bedsheets. Dr. Broussard testified the defendant was visibly upset when he examined her. She was still bleeding at the time of his examination and her vaginal vault was full of blood. Dr. Broussard found several lacerations of the victim's inferior hymen and also of her inferior vaginal wall. One laceration of the vaginal wall measured approximately two centimeters long and one and one-half centimeters deep. The doctor termed the victim's injuries as serious and roughly similar to an episiotomy. Although Dr. Broussard could have stitched the open wounds, he chose not to do so, for he thought it wise not to sedate her. The doctor further stated that the victim was probably a virgin prior to the attack, and he was of the impression that she did not understand what had happened to her.
We also consider the fact that the victim was twelve years old at the time of the offense. The amount of force required by the twenty-two year old defendant to subdue the child was certainly less than the force necessary to overcome the resistance of a mature woman. For these reasons, we conclude that viewing the evidence in the light most favorable to the prosecution, any rational jury could have found beyond a reasonable doubt that the victim was raped under the circumstance listed in subsection (2) of La.R.S. 14:42 with a sufficient degree of force to warrant punishment in the greater degree as aggravated rape.[2]

DECREE
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
NOTES
[*] Dixon, C.J., and Calogero, J., would grant a rehearing.
[1] Two small children, whose approximate ages were two years old and one year old, were asleep in the same bed as the victim at the time of the rape. The victim testified that the two year old child awoke during the attack.
[2] Because we find subsection (2) of La.R.S. 14:42 to be applicable, we do not suppress the issue of whether the evidence is sufficient to support the circumstance listed in subsection (1) of the same statute.