SAVOIE, Judge.
Defendant, Edward Wallace, appeals his conviction of aggravated rape, a violation of LSA-R.S. 14:42.
On the morning of August 1, 1984, the victim was riding her bicycle home from the LSU campus in Baton Rouge, Louisiana. Shortly before reaching her apartment complex, the victim noticed that she was apparently being followed by a blue and white older model Cutlass or Malibu. The driver, a black man, would not pass her even though she rode very slowly. Finally, the car passed her. This activity caused the victim great anxiety. As a precaution, she allowed the car to proceed down the street before she turned into her apartment complex so that the driver could not see where she lived. The victim then proceeded to her apartment, carrying her bicycle . with her into her apartment. Thereafter, the victim went downstairs to check her mailbox. While doing so, she observed a black male standing near the door of a downstairs apartment. It appeared as if he was “trying to look in the peephole or listen or something.” When she shut her mailbox door, the noise apparently scared the man. She apologized for startling him, and went upstairs into her apartment. Shortly thereafter, her doorbell rang. Upon opening the door, she observed the same black male. He asked her if she knew a certain individual, the victim replied negatively. He then asked permission to use her telephone. The victim testified as follows:
“I mean I already had the door open. So I didn’t know — really know what to say and I — I knew I was there by myself. So I said okay, and I let him in but as he went in, I walked out because I didn’t want to be in the same — you know, I didn’t want to be trapped in my house in case — I mean he — he didn’t look dangerous or anything at the time but I just — I didn’t want to be in the same room with him.”
After using the phone, the victim asked the man if he was able to locate the address of his friend. The man replied that it was nearby. When the man left, the victim re-entered her apartment, locked the door, and started watching TV. A few minutes later, the victim’s doorbell rang again. Thinking that it was the same man, she decided not to answer the door. Thereafter, her doorbell rang again, followed by a “loud crashing noise.” She then realized that someone was attempting to break down her door. At this point, the victim went to the door and said “Hello,” but there was no reply nor could she see any *910 one through the peephole. Concluding that the stranger had left, the victim decided that it was safer for her to get out of the apartment. Upon opening the door, the same black male whom she had previously observed was standing beside the door. After some discourse, the victim tried to close her door but the man pushed the door back open. Attempting to get away, she ran out the door, but her attacker grabbed her and a struggle ensued. The attacker caught her as she reached the stairs and began dragging her back into the apartment. Although she tried to hold on to the railing, she was overpowered by her attacker and dragged across the cement. She also tried to hold on to the door as the attacker pulled her through the doorway. Once inside the door, he partially lifted her in the air and dragged her into the bedroom. The victim continually screamed, kicked, hit, and scratched at her attacker. However, she was unable to escape.
Inside the bedroom, the attacker tripped the victim over his leg onto the floor, pinning her under his weight. He then pulled off her clothes while she attempted to struggle. After one unsuccessful attempt, the attacker finally raped the victim. Thereafter, he told the victim not to call the police as he would know and would come back. The victim stated that her boyfriend would be arriving momentarily. The attacker then left. Due to the attacker’s threat, the victim was afraid to call the police. A few minutes later, she called a nearby friend. After his arrival, the Rape Crisis Center and the Police Department were contacted. The victim related her story to the police including a description of the vehicle which had followed her, as well as a description of her attacker. She described him as a black male, approximately six feet tall, wearing old tennis shoes, maroon gym shorts, a blue T-shirt, and an unusual pair of rose-colored sunglasses. She described him as being “about twice my size” and “like somebody who lifts weights ... real muscular.”
Two days later, another LSU student observed a blue and white Oldsmobile Cutlass across the street from his apartment. He noticed that the man getting out of the car was not anyone that he recognized from the neighborhood. About twenty minutes later, this man was observed by the student running back towards the car. His curiosity aroused, the student memorized the vehicle’s license plate and immediately wrote it down. Thereafter, he called the police who traced the car to its present owner, the defendant. Later that afternoon, defendant was arrested. At the time of arrest, defendant was wearing rose-colored sunglasses which fit the victim’s description. A pair of maroon shorts matching her description was also seized. A few days later, the victim positively identified the shorts and the sunglasses. She also picked the defendant out of a lineup and positively identified him as her attacker.
Defendant was indicted with one count of aggravated rape, pled not guilty, and elected to be tried by a jury. Subsequently, defendant was convicted as charged and received mandatory life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He appeals, alleging that the trial court erred in:
1. Refusing the defendant’s requested jury charge.
2. Charging the jury on the definition of forcible rape.
3. Denying the defendant’s motions for post-verdict judgment of acquittal and/or new trial because the evidence only supported a conviction of the lesser included responsive verdict of forcible rape.
ASSIGNMENT OF ERROR NUMBER 3
Defendant contends that the trial court erred in denying his motions for post-verdict judgment of acquittal and/or for new trial as the evidence only supported a conviction of the lesser included responsive verdict of forcible rape. It is not contested that he raped the victim without her consent. He merely argues that by examining the degree of force used and the amount of her resistance, a reasonable juror could only conclude, when viewing the evidence in the light most favorable to the prosecu *911 tion, that the defendant was guilty of forcible rape. Although the defendant was unarmed and the victim suffered no extensive physical pain Or injury, these facts do not negate the possibility that an aggravated rape occurred. A victim need not suffer physical harm to constitute the high degree of force necessary to support a conviction of aggravated rape. State v. Clark, 437 So.2d 879, 885 (La.App. 2nd Cir.1983), Writ denied, 442 So.2d 460 (La.1983).
Defendant relies on State v. Parish, 405 So.2d 1080 (La.1981), to support his position. In Parish, supra, our Supreme Court overturned a jury verdict convicting the defendant of attempted aggravated rape, substituting instead a conviction on the responsive verdict of attempted forcible rape. In doing so, the Court noted the similarity between LSA-R.S. 14:42(2) and LSA-R.S. 14:42.1. In State v. Jackson, 437 So.2d 855 (La.1983), our Supreme Court explained its decision in Parish, supra, by stating:
In State v. Parish, 405 So.2d 1080 (La.1981), we noted that the legal definition of aggravated rape set forth in La.R.S. 14:42(2) was virtually identical to forcible rape. See also State v. Willie, 422 So.2d 1128 (La.1982). The sole distinction between the two crimes is the ‘degree of force employed and the extent to which the victim resists.’ 405 So.2d at 1087. A greater degree of force is necessary to justify the more serious punishment imposed for aggravated rape. Unfortunately, there is no magic formula to determine which acts of coerced sexual intercourse warrant the greater punishment of aggravated rape rather than forcible rape. Each case must be examined on its own facts. 437 So.2d at 858.
It is obvious that the Supreme Court is referring to LSA-R.S. 14:42(2) only (emphasis ours) when it notes the similarity between aggravated rape and forcible rape based on the “degree of force employed and the extent to which the victim resists.” This comparison does not extend to LSA-R.S. 14:42(1) which provides for instances “When the victim resists the act to the utmost, but whose resistance is overcome by force.” See also State v. Willie, 422 So.2d 1128 (La.1982).[1]
Based upon the facts herein, we are convinced that the victim resisted the rape to the utmost. The facts substantiate that the defendant was able to physically overpower the victim even though he did not threaten her with a weapon. Viewing the evidence in the light most favorable to the prosecution, we conclude that the jury could have found beyond a reasonable doubt that the defendant raped the victim under circumstances where she resisted the act to the utmost, but her resistance was overcome by force. LSA-R.S. 14:42(1). Therefore, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the trial court erred in refusing to give a special jury charge. His requested special jury charge, in pertinent part, contained the following language:
The only distinction between aggravated and forcible rape is the degree of force employed and the extent to which the victim resists. The fact finder has the function of fixing the range of permissible punishment for convicted offenders by returning a verdict which appropriately fits the crime and the degree of force employed.
As noted above this language was fashioned from State v. Parish, supra, which dealt with a charge under LSA-R.S. *912 14:42(2). Herein, the facts support a conviction under LSA-R.S. 14:42(1). As such, defendant’s requested charge would violate the requirement that all charges be “wholly correct and pertinent.” See LSA-C. Cr.P. art. 807. Therefore, the trial court properly refused to give the defendant’s requested special jury charge. See State v. Kirkley, 470 So.2d 1001, 1011 (La.App. 1st Cir.1985), writ denied, 475 So.2d 1105 (La.1985). This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that the trial court erred in charging the jury on the definition of forcible rape.
Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape. LSA-R.S. 14:42(1).
In brief, defendant contends that the trial court erred in charging the jury on the elements of forcible rape. However, defendant failed to enter a contemporaneous objection thereto. Accordingly, he is prevented from raising such issue on appeal. LSA-C.Cr.P. art. 841; State ex rel. Ross v. Blackburn, 403 So.2d 719 (La.1981); and State v. Stramiello, 392 So.2d 425 (La.1980).
Defendant argues that his failure to object to the jury charge should not preclude appellate review as his requested special jury charge acted to preserve his objection. No authority is cited to support this position. Defendant also cites State v. Mart, 419 So.2d 1216 (La.1982) for the following proposition:
When counsel for defendant fails to comply with the contemporaneous objection rule, even in the case of a fundamentally erroneous instruction on the elements of an offense, it is not unreasonable to require defendant to carry the burden of satisfying this court that the
procedural default (that is, the failure to raise the complaint properly) was excusable and was not the result of trial strategy. 419 So.2d at 1219.
We find no authority to support defendant’s contention that his requested special jury charge preserved his objection to the court’s jury instruction. Furthermore, that defendant has failed to carry the burden imposed by Mart, supra. Accordingly, this assignment of error is without merit.
Based upon the foregoing, defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.

. Viewing the evidence in the light most favorable to the prosecution, we conclude that the jury could have found beyond a reasonable doubt that defendant raped the victim either under circumstances (1) where the victim resisted the act to the utmost but her resistance was overcome by force (La.R.S. 14:42(1)) or (2) where the victim was prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution (La.R.S. 14:42(2)), with a sufficient degree of force to warrant punishment in the greater degree as aggravated rape rather than the lesser degree of forcible rape. [Underlining ours]. 422 So.2d at 1131.