506 So.2d 863 (1987)
STATE of Louisiana
v.
Joseph B. HEBERT.
No. 86KA1083.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
*864 C. Jerome D'Aquila, Indigent Defender, New Roads, for defendant-appellant Joseph B. Hebert.
T. Barry Wilkinson, Asst. Dist. Atty., Port Allen, for the State of Louisiana appellee.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
SAVOIE, Judge.
Joseph B. Hebert was charged by grand jury indictment with aggravated rape in violation of LSA-R.S. 14:42. Pursuant to a plea bargain, defendant withdrew his former plea of not guilty and entered a plea of guilty to violation of LSA-R.S. 14:42.1 (forcible rape). The trial court accepted defendant's guilty plea after determining that it was made voluntarily with understanding of the nature of the charge.[1] Prior to sentencing, defendant *865 moved to withdraw his guilty plea. After hearing testimony from defendant, that motion was denied by the trial court. The trial court subsequently sentenced defendant to a twenty-four year term of imprisonment at hard labor; eighteen of the twenty-four years are to be served without benefit of probation, parole, or suspension of sentence.
Defendant brings this appeal urging two assignments of error:
(1) The trial court erred by denying defendant's motion to withdraw his guilty plea.
(2) The trial court erred by imposing an excessive sentence.

FACTS
At the Boykin examination, defendant acknowledged that the victim offered him a ride in her automobile. He took advantage of the situation by forcing the victim, a twenty year old female, to engage in sexual intercourse.
The victim's statement to the examining physician is consistent with defendant's admission; however, it provides additional details. The victim met defendant at a friend's house and offered him a ride to the interstate. After traveling for a short distance, defendant pulled a knife and ordered the victim to drive onto the interstate highway. She drove several miles from East Baton Rouge Parish to West Baton Rouge Parish. Thereafter, she was forced to pull off the highway and remove her clothing. Defendant then raped her. After being allowed to partially redress and drive to the next exit, defendant raped her a second time. Before allowing the victim to drive away, defendant warned that he would kill her and her family if she told anyone about the rape. A short time later, the victim drove to her friend's house and notified the authorities of the incident.

ASSIGNMENT OF ERROR NUMBER ONE:
Defendant contends that the trial court erred by not allowing him to withdraw his guilty plea prior to sentencing. We do not agree.
The trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559. Its decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La.1981).
At the hearing on the motion to withdraw his guilty plea, defendant stated that he was not mentally capable of pleading, when he did so, because he had attempted suicide the night before the Boykin examination. In denying the motion, the trial court noted that it had carefully considered defendant's capacity to proceed prior to accepting his guilty plea and found defendant competent to proceed with the Boykin examination.
The record reveals that on November 14, 1985, immediately prior to conducting the Boykin examination, the trial court heard testimony from Dr. Frederick Hackley, the West Baton Rouge Parish coroner, who had visited defendant in jail on several occasions. Dr. Hackley last interviewed defendant during the afternoon of November 13, 1985. Although Dr. Hackley was informed that defendant had attempted suicide, by cutting his wrists during the evening of November 13, 1985, he opined that defendant was sane and capable of assisting with his own defense. Dr. Hackley further observed that defendant's suicide attempt was probably designed to delay going to trial on the instant charge.
Our review of the record discloses a conscientious effort on the part of the trial court to assess defendant's capacity to proceed. In addition, the record of the Boykin examination is extensive. This record reflects that the trial court gave defendant a thorough review of the rights that he was relinquishing by entering his guilty plea. We are convinced that defendant knowingly *866 and voluntarily entered the plea with a full understanding of the consequences.
Accordingly, we find no abuse of discretion; this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO:
By this assignment, defendant generally avers that the sentence imposed is excessive.
Initially, we note that defendant pled guilty to forcible rape pursuant to a plea bargain. Although the bargain did not provide for an exact sentence, defendant was advised that he would be subject to a maximum sentence of twenty-four years at hard labor, without benefit of parole, probation, or suspension of sentence. In addition, the prosecutor noted of record that he was recommending the maximum term provided by the plea bargain, which was substantially less than the statutory maximum of forty years. The sentence actually imposed was somewhat less severe than the bargain allowed. It provided that only eighteen of the twenty-four year term be served without benefit of parole, probation, or suspension of sentence.
A trial court has wide discretion in the imposition of sentences within statutory limits. Given compliance with the sentencing criteria of Louisiana Code of Criminal Procedure article 894.1, a sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). A trial court should exercise its sentencing discretion to impose sentences graded according to the individual circumstances of the offense and of the offender. State v. Sepulvado, 367 So.2d 762 (La.1979).
A review of the record in this case reveals that the trial court carefully particularized the sentence, considering factors set forth in article 894.1 as they apply to defendant. The trial court ordered a pre-sentence investigatory report which it considered in sentencing. The trial court noted that defendant, who is only twenty-six years old, is a fourth felony offender with a significant history of substance abuse. In addition, the instant offense was of a violent nature resulting in physical injury to the victim.
In light of these circumstances, this sentence is neither grossly disproportionate to the crime nor a needless imposition of pain and suffering. It is not excessive and is well within the discretion of the trial court.
This assignment of error is without merit.
AFFIRMED.
NOTES
[1] We note that defendant's plea to forcible rape was entered without amending the indictment or filing a new bill of information. Louisiana Code of Criminal Procedure article 558 provides that a defendant, with consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the indictment. In general, the lesser included offense must be of the same generic class and must not require proof of an element which is not found in the major crime charged. See State v. Cook, 372 So.2d 1202 (La.1979). Of course, a defendant may, with consent of the district attorney, enter a plea of guilty to a crime nonresponsive to the original indictment. However, in that instance, the district attorney must amend the indictment or file a new bill of information to charge the crime to which the plea is offered. See La.C.Cr.P. art. 487(B); State v. Cook, supra.

In the instant case, the answer to the bill of particulars reveals that the state relied primarily on Section 14:42A(2) as the statutory foundation for its original indictment. In State v. Parish, 405 So.2d 1080 (La.1981) on rehearing, the Louisiana Supreme Court noted that the legal definition of aggravated rape set forth in LSA-R.S. 14:42(2) (amended in 1984 to LSA-R.S. 14:42A(2)) was virtually identical to forcible rape. The sole distinction between the two crimes is the degree of force employed and the extent to which the victim resists. See State v. Jackson, 437 So.2d 855 (La.1983).
Under the circumstances, we conclude that the trial court had jurisdiction to accept the instant guilty plea. Forcible rape is legislatively responsive to the charged offense (La.C.Cr.P. art. 814 A 8) and is of the same generic class, i.e., rape. In addition, forcible rape is a lesser and included grade of the charged offense. See State v. Dufore, 424 So.2d 256 (La.1982).