BOWES, Judge.
The defendant, Lawrence Pansy, was convicted of aggravated rape in violation of LSA-R.S. 14:42 and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. On appeal he alleges that the evidence at trial was insufficient to support a verdict of guilty to the crime of aggravated rape, and at most, the evidence supports only a verdict of guilty to the lesser offense of forcible rape. For the following reasons, we affirm defendant’s conviction and sentence.
FACTS
The evidence presented by the state at trial showed that the victim is a sixty-one year old single female. On the morning of December 27, 1990, she awoke at approximately 5:30 a.m., turned on her television and began to doze on her couch. The victim soon noticed Lawrence Pansy, the defendant, standing in her hallway. Although she did not know the defendant’s name, she immediately recognized him as a man who often solicited odd jobs in her neighborhood. The victim jumped up and asked him, “What are you doing in my house?” The defendant replied, “I came to f_you,” and he grabbed her very hard across the face. She began to scream and Pansy told her that he would let her go if she kept quiet. Once he let her go she again began to fight and scream. The defendant put his hand over her face causing greater pain to her mouth. The victim then became quiet to avoid further pain. Because she was having trouble breathing, the victim asked Pansy if she could take her Nitroglycerin and he allowed her to do so. He then removed her pants and raped her. Once the defendant let her go, the victim put on her clothes and ran to a neighbor’s house.
The victim also testified that in addition to the Nitroglycerin, she also takes Cardiz-em and Persantine for her heart problem and insulin for her diabetes.
Detective David Schafer of the Jefferson Parish Sheriff’s Office was assigned to the case. He testified that when he arrived at the scene the victim was visibly upset and had a mark on her nose which was bleeding. Detective Schafer then took the victim to Lakeside Hospital for a rape examination. The exam revealed physical findings consistent with penetration. A specimen of the vaginal secretions tested negative for the presence of semen.
Dr. David Hoerner, who performed the examination, observed redness across the victim’s face and bruising around her mouth. He also testified that she was visibly upset.
The victim also went to her dentist, Dr. Robert Culver, on the day of the rape. Dr. Culver testified that he found trauma around the mouth area badly bruised with black and blue marks all throughout the lip area. Additionally, her two front teeth were loose and she had trouble opening her mouth due to swelling of her temporoman-dibular joint.
ANALYSIS
In reviewing the sufficiency of evidence to support a conviction, the appellate court in Louisiana is governed by the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard requires that a conviction be based on proof sufficient for any rational trier of fact, reviewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5 Cir.1990).
LSA-R.S. 14:42 provides in pertinent part:
Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
*280 (2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
By contract, forcible rape is defined by LSA-R.S. 14:42.1 as:
A rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
In State v. Foley, 456 So.2d 979 (La.1984) our Supreme Court said:
As to the gravity of the offense, the legal definition of aggravated rape in LSA-R.S. 14:42(2) is virtually identical to that of forcible rape. Distinctions are drawn based on the degree of force and the resistance of the victim. The jury determines the permissible punishment by a verdict which fits the crime by assessing the degree of force employed. State v. Willie, 422 So.2d 1128 (La.1982). [Emphasis added].
The victim’s testimony in this case indicated that she resisted to her utmost but was overcome by the defendant’s force. This is corroborated by the injuries she suffered as a result of the attack. Although she finally did give up her struggle, this is not surprising given the amount of pain that the victim said the defendant was inflicting on her face. Also the victim’s age and health should be taken into consideration. She is 61 years old and takes a number of medications each day for serious and dangerous health problems affecting her heart and diabetic conditions.
We find that, in the present case, a rational trier of fact could have concluded beyond reasonable doubt that the state proved every element of the crime of aggravated rape. Compare State v. Burnett, 496 So.2d 1236 (La.App. 5 Cir.1986).
In support of his contention that the evidence supports only a conviction for forcible rape, defendant relies on State v. Parish, 405 So.2d 1080 (La.1981). We find Parish to be factually distinguishable from the present case. Parish involved an attempted rape and the defendant there never exerted great force on the victim who was substantially unharmed. Also, he voluntarily abandoned his attempt without ever fondling the victim or subjecting her to indignity. In contrast, this victim was actually raped by Lawrence Pansy, and she sustained more extensive injuries than the victim in Parish, such as the severe bruising in her facial area and the loosening of her teeth.
Viewing the evidence in the light most favorable to the prosecution, we find that the state proved beyond a reasonable doubt all of the elements necessary to sustain defendant’s conviction for aggravated rape. We therefore find defendant’s assignment to be without merit.
In addition, defendant requests that we examine the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). We have done so and our examination reveals that there are no errors patent. Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.