372 So.2d 1202 (1979)
STATE of Louisiana
v.
Louis C. COOK.
No. 63724.
Supreme Court of Louisiana.
June 25, 1979.
*1203 Walter L. Sentenn, Jr., Robert Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Marvin Opotowsky, G. Fred Ours, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Louis C. Cook was charged in the same information with aggravated burglary in violation of La.R.S. 14:60 and simple burglary in violation of La.R.S. 14:62.
Pursuant to a plea bargain, defendant withdrew his former pleas of not guilty and entered pleas of guilty to violations of La. R.S. 14:60 (aggravated burglary) and La. R.S. 14:62.2 (simple burglary of an inhabited dwelling), conditioned on his right to obtain appellate review of the trial judge's denial of his motion to quash the bill of information. The trial judge accepted defendant's guilty pleas after determining that they were made voluntarily with understanding of the nature of the charges. The pleas were entered without amending the information or filing a new information. Defendant was then sentenced to serve three years at hard labor for the aggravated burglary conviction and three years at hard labor, without benefit of parole, probation or suspension of sentence, for the simple burglary of an inhabited dwelling conviction. The trial judge expressly directed that the sentences be served concurrently. Defendant designated one assignment of error (denial of his motion to quash the information) to be urged on appeal.[1]
*1204 In brief to this court, defendant contends that his guilty pleas are invalid in that he pled guilty, pursuant to a plea bargain, to aggravated burglary (La.R.S. 14:60) and simple burglary of an inhabited dwelling (La.R.S. 14:62.2) when, in fact, he was only charged in the bill of information with aggravated burglary (La.R.S. 14:60) and simple burglary (La.R.S. 14:62). a crime less serious than simple burglary of an inhabited dwelling (La.R.S. 14:62.2). Hence, he argues that his guilty pleas should be set aside.
In reviewing appeals from pleas of guilty, we may review jurisdictional defects which appear on the face of the pleadings and proceedings. State v. Crosby, 338 So.2d 584 (La.1976); State v. Spain, 329 So.2d 178 (La.1976).
La.Code Crim.P. art. 558 provides that the defendant, with the consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the indictment. In general, the lesser included offense must be of the same generic class and must not require proof of an element which is not found in the major crime charged. Official Revision Comment to La.Code Crim.P. art. 558; State v. Green, 263 La. 837, 269 So.2d 460 (1972).
In the instant case, defendant was charged in the second count of the information with the crime of simple burglary (La. R.S. 14:62):
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be imprisoned, with or without hard labor, for not more than twelve years.
However, defendant entered a guilty plea to the crime of simple burglary of an inhabited dwelling (La.R.S. 14:62.2):
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years. (emphasis added)
Since the crime of simple burglary of an inhabited dwelling requires proof of an essential element, i. e., inhabited dwelling, not found in the crime charged (simple burglary), simple burglary of an inhabited dwelling is not a lesser included offense of simple burglary.
La.Code Crim.P. art. 487, dealing with amendments by the state of defective indictments, provides in pertinent part:
B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered. (emphasis added)
The aforesaid provision does not prohibit a defendant from entering a plea of guilty to a crime nonresponsive[2] to the *1205 original indictment when such a plea is acceptable to the district attorney. In such a case, the district attorney need only amend the indictment; he is not required to file a new indictment to charge the crime to which the plea is offered.
In the instant case, defendant's guilty plea to simple burglary of an inhabited dwelling was not a lesser included offense of the crime charged (simple burglary). Moreover, it was a plea of guilty to a crime nonresponsive to the original indictment. The district attorney neither amended the information nor filed a new information. Hence, the trial judge did not have jurisdiction to accept the guilty plea to this offense. Accordingly, the guilty plea is invalid and must be set aside.
Since this invalid guilty plea was part of a plea bargain in which defendant also pled guilty to aggravated burglary, we must likewise set aside defendant's plea to that charge. On remand, the district attorney may elect to amend the information for simple burglary (La.R.S. 14:62) to simple burglary of an inhabited dwelling (La.R.S. 14:62.2). Whether he does or not, defendant has the option of either proceeding to trial on the crimes charged or entering guilty pleas thereto. In the event he decides to plead guilty to the crimes charged, he cannot be sentenced to serve more than three years at hard labor for the crimes of aggravated burglary (La.R.S. 14:60) and simple burglary (La.R.S. 14:62) and three years at hard labor, the first year being without benefit of parole, probation or suspension of sentence, for the crime of simple burglary of an inhabited dwelling[3] and the sentences must be made to be served concurrently. This would be in accordance with the original plea bargain as corrected in connection with the sentence imposed for simple burglary of an inhabited dwelling. To do otherwise would penalize defendant for having successfully exercised his right to seek our review.

DECREE
For the reasons assigned, defendant's convictions and sentences are reversed and the case is remanded to the district court for proceedings consistent with views herein expressed.
NOTES
[1] In view of our disposition of this case, we pretermit discussion of the assigned error.
[2] La.Code Crim.P. art. 814 lists responsive verdicts which may be rendered where the indictment charges certain specified offenses. In Official Revision Comment (c) under said article, it is stated that, apart from the responsive verdicts listed in the above article, the courts have applied the following criteria to determine responsiveness:

`First, all essential elements of the lesser offenses must be included in the indictment for the offense charged. Second, the generic offenses must be segregated from the nongeneric offenses. To do this, the genus of the crime charged in the indictment is determined, and each of the lesser crimes compared with it. If the lesser crime is of the same generic class, it is responsive; if not, it is not responsive. If the lesser offense meets both of these tests it may be the subject of a valid and "responsive" verdict.' Comment, 5 La.L.Rev. 603, 609 (1944). Those criteria are not codified in this Code because the language used has been effective without difficulty.
See also La.Code Crim.P. art. 815.
[3] Original sentence imposed for the conviction of simple burglary of an inhabited dwelling (La.R.S. 14:62.2) was three years at hard labor, without benefit of parole, probation or suspension of sentence. Penalty provision for this crime provides that "[w]hoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years." The prohibition against parole, probation and suspension of sentence applies only to the first year of the imposed sentence; not to the additional years of the sentence. Cf. La.R.S. 14:64: ("[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence"); La.R.S. 14:62.IB: ("[w]hoever commits the crime of burglary of a pharmacy shall be imprisoned at hard labor for not less than one nor more than nine years without benefit of parole, probation or suspension of sentence").