452 So.2d 289 (1984)
STATE of Louisiana, Appellee,
v.
Anthony STEVENS, Appellant.
No. 16142-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
*290 Kidd, Jones & Kidd by Jerry L. Jones, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Joseph Mickel, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
The defendant, Anthony Stevens, pled guilty to conspiring to distribute marijuana in violation of LSA-R.S. 40:966 and LSA-R.S. 14:26 and was sentenced to 3½ years at hard labor. He appeals his conviction and sentence relying on three assignments of error. We affirm.

Facts
Defendant was charged by bill of information with distribution of marijuana on December 20, 1982. He agreed to plead guilty to attempted conspiracy to distribute marijuana pursuant to a plea bargain agreement. The plea was accepted by the trial court on March 14, 1983. At that time the trial judge explained to defendant the maximum possible sentence on the reduced charge was 2½ years.[1] Prior to defendant's sentencing the state moved to vacate the guilty plea on the grounds that defendant pled guilty to a nonexistent offense under Louisiana law. A defendant cannot be charged with a combination of inchoate offenses such as attempted conspiracy. State v. Eames, 365 So.2d 1361 (La.1978); Note, 9 La.L.Rev. 413 (1949); Comment, 28 La.L.Rev. 543 (1968) (See footnote 115 at p. 544). At a hearing on the motion, the plea was ordered vacated.
The bill of information was subsequently amended to charge defendant with conspiring to distribute marijuana and he pled guilty to that offense on May 6, 1983.
Defendant's three assignments of error are:
(1) the trial court erred in ordering the plea of guilty to attempted conspiracy to be withdrawn;
(2) the trial court erred in sentencing him to 3½ years when he had previously pled guilty to an offense carrying a maximum exposure of 2½ years; and
(3) once the plea of guilty to attempted conspiracy was accepted by the trial *291 court, the doctrine of double jeopardy estopped the state from charging defendant with a crime carrying a longer maximum sentence.

Assignment # 1
While defendant concedes that an accused may not be found guilty of the nonexistent offense of attempted conspiracy, he, nevertheless, argues that he could validly plead guilty to the offense and that his consent was required before the plea could be vacated. His claim that he could plead guilty to a nonexistent offense is based upon the principle that guilty pleas are not subject to the same restrictions as verdicts. He relies upon State v. Green, 263 La. 837, 269 So.2d 460 (1972). That case requires the lesser offense to which the guilty plea is accepted to contain no element not included in the crime charged. It does not permit a plea to a nonexistent crime. See State v. Eames, supra; LSA-C.Cr.P. art. 558.
The court is without jurisdiction ratione materiae to accept a guilty plea to a nonexistent offense. State v. Cook, 372 So.2d 1202 (La.1979). See 9 La.L.Rev. 413 (1949). In Cook it was held that the trial court was without jurisdiction to accept a guilty plea to a crime which contained an essential element not included in the crime charged. The court here was without jurisdiction to accept a guilty plea to a nonexistent crime. Jurisdiction ratione materiae is nonwaivable and without it, a court's action is an absolute nullity and may be attacked at any stage of the proceedings, including appeal. State v. LaBorde, 233 La. 556, 97 So.2d 393 (1957). We find no error in the trial court's action of vacating the guilty plea without defendant's consent.
This assignment of error lacks merit.

Assignment # 2
Defendant argues that once the trial court accepted the guilty plea to attempted conspiracy, the maximum sentence he could receive was set at 2½ years which is the maximum sentence for that offense. This argument is untenable. Since the law does not recognize the offense of attempted conspiracy, there is no penalty for such an offense. The trial court's appraisal of the maximum penalty was sheer conjecture.
We also note that when the trial judge told defendant what the maximum penalty was, the judge was merely explaining to defendant what rights he was giving up by pleading guilty and the possible consequences of doing so. The court's assessment of the maximum penalty was not an agreement with defendant to only sentence him to 2½ years.
This assignment of error lacks merit.

Assignment # 3
Defendant's double jeopardy argument also lacks merit. Under Louisiana law, when a defendant pleads guilty jeopardy does not begin until a valid sentence is imposed. LSA-C.Cr.P. art. 592. Not only had no sentence at all been imposed upon defendant, if one had been it would have been invalid since the offense was nonexistent. Jeopardy never attached.
This assignment of error lacks merit.
Defendant's conviction and sentence are AFFIRMED.
NOTES
[1] The trial judge made the maximum sentence determination by combining the attempt and conspiracy statutes, R.S. 14:26 and 27. In relevant parts each provides that the maximum sentence to which a defendant is exposed is ½ of that for the prescribed offense. The trial judge decided that when combined, these statutes limited defendant's exposure to ¼ of the 10 years he could have received for distribution of marijuana under R.S. 40:966.