499 So.2d 244 (1986)
STATE of Louisiana, Appellee,
v.
Anthony Carnell JOHNSON, Appellant.
No. 18240-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
*245 Diehlmann C. Bernhardt, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James Allan Norris, Jr., Dist. Atty. by Kathy R. McCoy, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Defendant Johnson was charged by bill of information with simple burglary and, pursuant to a plea bargain, pled guilty to middle-grade theft. (La.R.S. 14:67). He was sentenced to imprisonment at hard labor for two years and appealed the sentence as excessive. Because there is an error on the face of the record, we do not reach the issue raised on appeal.
La.CCrP Article 558 provides:
The defendant, with the consent of the district attorney, may plead guilty of a lesser offense that is included in the offense charged in the indictment.
The Official Revision Comment under Article 558 states:
In general, the lesser included offense must be of the same generic class and must not require proof of any element which is not found in the major crime charged.
Johnson was charged in one bill of information with the crime of simple burglary. La.R.S. 14:62 provides in pertinent part:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein.
Johnson entered a guilty plea to the crime of middle-grade theft. La.R.S. 14:67 provides in pertinent part:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations.
Since the crime of middle-grade theft requires proof of an essential element, i.e., the misappropriation or taking, not found in the crime of simple burglary, middle-grade theft is not a lesser included offense of the crime charged.
La.CCrP Article 814 lists responsive verdicts which may be tendered when the indictment charges certain specified offenses. Article 814, subd. A(44) states:
Simple burglary:
Guilty.
Guilty of attempted simple burglary.
Not guilty.
Middle-grade theft is not listed as a responsive verdict to a charge of simple burglary.
La.CCrP Article 487, dealing with amendments to defective indictments, provides in pertinent part:
Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
Article 487 does not prohibit a plea of guilty to a crime not responsive to the original indictment when such a plea is acceptable to the district attorney. In that case, however, the district attorney need only amend the indictment. He is not required *246 to file a new indictment to charge the crime to which the plea is offered.
In this case, Johnson's guilty plea to middle-grade theft was not to a lesser included offense of the crime charged (simple burglary). Moreover, it was a plea of guilty to a crime not responsive to the original indictment. The district attorney neither amended the original bill nor filed a new bill of information. Therefore, the trial judge did not have authority to accept the guilty plea to middle-grade theft.
A guilty plea to a charge which does not conform to the bill of information is error patent on the face of the record. State v. Cook, 372 So.2d 1202 (La.1979). It is reviewable on appeal despite the absence of an objection. State v. Turnbull, 377 So.2d 72 (La.1979).
For the reasons stated, defendant's conviction and sentence for middle-grade theft are set aside and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.