523 So.2d 283 (1988)
STATE of Louisiana, Appellee,
v.
Richard O. GOODEN, Appellant.
No. 19581-KW.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1988.
Rehearing Denied April 28, 1988.
*284 Hudsmith & Jack by Rebecca L. Hudsmith, Shreveport, and Fredye Long Eckhart, Dallas, Tex., for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, T.J. Adkins, Dist. Atty., Dan J. Grady, Asst. Dist. Atty., Ruston, for appellee.
Before HALL, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
The defendant, Richard O. Gooden, was charged by bill of information with possession of marijuana in excess of 100 pounds but less than 2,000 pounds, a violation of LSA-R.S. 40:966 E(1). The defendant entered a guilty plea to possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966 A(1). The defendant was sentenced to serve nine years at hard labor and ordered to pay a fine of $15,000 or serve an additional one year in jail in default of payment. On appeal the defendant's conviction was affirmed and sentence amended to delete that portion of the sentence ordering defendant to pay a fine of $15,000 or serve an additional one year in jail. The opinion was unpublished and is found in the table of unpublished opinions in the case of State v. Gooden, 502 So.2d 1180 (La.App. 2d Cir.1987) (table). The defendant filed an application for post-conviction relief in the district court which was denied by the trial judge. This court granted the defendant's application for supervisory writs to review the trial court's denial of relief. For the reasons expressed herein, we reverse the ruling of the trial court and set aside the defendant's sentence and conviction.
Richard O. Gooden was originally charged by bill of information with possession of marijuana in excess of 100 pounds but less than 2,000 pounds. Pursuant to a plea bargain, the defendant withdrew his former plea of not guilty and entered a plea of guilty to possession of marijuana with intent to distribute on April 23, 1985. The state made no oral or written amendment to the bill of information nor was there a new information filed prior to the entry of defendant's guilty plea.
The defendant contends he entered a plea of guilty to a crime nonresponsive to the original bill of information. As the state neither amended the bill of information nor filed a new information the defendant contends he was convicted and sentenced on a non-existent charge and the trial judge had no authority to accept the plea nor impose the sentence. We agree.[1]
An error patent on the face of the record may be asserted at any time, and even if not asserted may be noted ex propria motu. LSA-C.Cr.P. art. 920(2). Jurisdictional defects, discoverable as error patent on the face of the record, are "those [defects] which even conceding the accused's factual guilt, do not permit his conviction of the offense charged." State v. Crosby, 338 So.2d 584 (La.1976); State v. Cook, 372 So.2d 1202 (La.1979). Jurisdiction ratione materiae is nonwaivable, and without it a court's action is an absolute nullity and may be attacked at any stage of the proceedings, including appeal. State v. LaBorde, 233 La. 556, 97 So.2d 393 (1957); State v. Stevens, 452 So.2d 289 (La.App. 2d Cir.1984).
The Louisiana Constitution of 1974 requires in all prosecutions the accused be *285 informed of the nature and cause of the accusation against him. LSA-Const. Art. 1, § 13. The accused cannot plead guilty to a crime with which he is not charged and the trial judge is without authority to accept such a plea. State v. Stevens, supra.
The defendant may plead responsively to the original bill of information. LSA-C. Cr.P. art. 558 provides:
Art. 558. Plea of guilty of lesser included offense
The defendant, with the consent of the district attorney, may plead guilty of a lesser offense that is included in the offense charged in the indictment.
The lesser included offense must be of the same generic class and must not require proof of any element which is not found in the crime charged to satisfy the constitutional mandate that the accused is informed of the nature and the cause of the accusation. State v. Green, 263 La. 837, 269 So.2d 460 (1972). Evidence which supports a conviction of the charged greater offense must necessarily support a conviction of the lesser included offense. State v. Dufore, 424 So.2d 256 (La.1982); State v. Green, supra.
LSA-C.Cr.P. art. 814 lists responsive verdicts for a variety of statutory crimes. The following article LSA-C.Cr.P. art. 815 provides criteria for determining responsive verdicts for those crimes not listed in article 814. State v. Diaz, 461 So.2d 1099 (La.App. 5th Cir.1984).[2] An oral amendment in open court of an indictment to charge a responsive lesser included offense has been permitted. State v. Gilmore, 332 So.2d 789 (La.1976).[3]
The defendant may also enter a plea of guilty to a crime nonresponsive to the original indictment where the plea is acceptable to the district attorney. LSA-C.Cr.P. art. 487 provides, in pertinent part:
B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
Although the district attorney is not required to file a new bill of information to charge the nonresponsive crime to which the plea is offered, the district attorney must amend the information. State v. Cook, supra; State v. Johnson, 499 So.2d 244 (La.App. 2d Cir.1986). The first circuit, pursuant to the policy expressed by the supreme court in State v. Cook, held an amendment to an indictment or information charging a new offense nonresponsive to the original indictment must be in writing. State v. Breaux, 504 So.2d 1011 (La.App. 1st Cir.1987).
In the instant case, the defendant was originally charged with possession of over 100 pounds but less than 2,000 pounds of marijuana. LSA-R.S. 40:966 E(1) provided:[4]
E. (1) Except as otherwise authorized in this Part, any person who knowingly or intentionally possesses one hundred pounds or more, but less than two thousand pounds, of marijuana, tetrahydrocannabinol, or chemical derivatives thereof, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than fifteen years, and to pay a fine of not less than *286 twenty-five thousand dollars nor more than fifty thousand dollars.
The defendant pled guilty to possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966 A(1), which provides:
A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;[5]
Penalties for violation of 40:966 A(1) are stated in LSA-R.S. 40:966 B(2):
(2) Any other controlled dangerous substance classified in Schedule I, shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years and pay a fine of not more than fifteen thousand dollars.
The defendant's plea of guilty to possession of marijuana with intent to distribute is not responsive to the crime of possession of a large quantity of marijuana with which he was charged.[6] The charged crime is not included within the crimes for which responsive verdicts are listed contained in LSA-C.Cr.P. art. 814 and the crime to which the defendant pled does not meet the criteria of a lesser included crime to be responsive under LSA-C.Cr.P. art. 815. Although both crimes require proof of possession, LSA-R.S. 40:966 A(1) requires proof of the additional element of intent to distribute not required by 40:966 E(1). The state argues the "intent" element can be inferred under LSA-R.S. 40:966 E(1) by reasoning the sheer quantity of marijuana possessed presupposes a criminal intent to distribute marijuana to others. This argument is negated by the plain wording of the statute. The legislature has not yet seen fit to add this additional element to LSA-R.S. 40:966 E(1). Possession of over 100 pounds but less than 2,000 pounds of marijuana with intent to distribute is a nonexistent offense under LSA-R.S. 40:966 E(1) nor can it be characterized as a responsive verdict which may be rendered to a charge under this provision.
Finding the charge to which the defendant pled guilty to be nonresponsive to the original bill of information, we note the state made no written amendment to the bill of information before the defendant entered his guilty plea to cure the defective bill of information.[7] Because the defendant entered a plea to a crime with which he was not charged, we hold the defendant was convicted of a crime of which he was not informed in violation of his constitutional rights under LSA-Const. Art. 1, § 13. The trial court was without jurisdiction to accept the defendant's guilty plea to a non-charged offense. The conviction and sentence are therefore illegal and will be annulled. State v. Stevens, supra. The trial judge erred in denying the defendant's application for post-conviction relief. See LSA-C.Cr.P. art. 930.3(1), infra. We reverse the ruling of the trial court.
The state argues the trial judge correctly denied the defendant's application for post-conviction relief as this claim has already been fully litigated on appeal.[8] In the unpublished *287 opinion disposing of the defendant's appeal we stated:
The court questioned Gooden and his attorney before accepting the guilty plea. The court noted that the original charge was possession of excessive quantity with intent to distribute under LRS 40:966(E) and that defendant was to plead guilty only to "general possession with intent [to distribute], rather than... large quantity possession." This was a responsive verdict to the original charge and the court was not in error in accepting the plea to the lesser charge with the consent of the State. CCrP Arts. 558, 815(2). It was not necessary to amend the bill of information. [emphasis added]
Upon review of the record, we note the original bill of information charged the defendant with possession of marijuana (more than 100 pounds less than 2,000 pounds) under LSA-R.S. 40:966 E(1) and not "possession of excessive quantity with intent to distribute under 40:966(E)" as erroneously stated in our opinion on defendant's appeal. As previously mentioned, "possession of excessive quantity with intent to distribute" is not presently included in the crime defined in 40:966E. Since the defendant was not charged with possession of a large quantity of marijuana with intent to distribute but rather was charged solely with possession of a large quantity of marijuana, there could have been no determination as to the responsiveness or nonresponsiveness of the pled charge to the charge in the original bill of information by this court on appeal, and for this reason the issue cannot be said to have been litigated on appeal within the contemplation of LSA-C.Cr.P. art. 930.4.
The grounds for post-conviction relief are set forth in LSA-C.Cr.P. art. 930.3[9] which provides the defendant is entitled to relief where his conviction "was obtained in violation of the constitution of the United States or the State of Louisiana" or where "the court exceeded its jurisdiction." For the reasons aforementioned we conclude the defendant has demonstrated violations of both cited provisions.
We conclude the only bill of information filed against the accused reflects the defendant was charged with the crime of possession of marijuana more than 100 pounds but less than 2,000 pounds. Having determined the defendant's guilty plea is invalid we further note the defendant remains charged with the stated offense. As per State v. Cook, supra, the defendant has the option to plead guilty to the crime charged or proceed to trial. The district attorney may elect to formally amend the bill of information and charge the defendant with possession with intent to distribute (LSA-R.S. 40:966 A(1)). Should the defendant be found guilty at trial of possession of marijuana with intent to distribute (LSA-R.S. 40:966 A(1)) or elect to plead guilty to this crime he may not be sentenced to serve more than nine years at hard labor with credit for time presently served. As noted by the supreme court in State v. Cook, "to do otherwise would penalize the defendant for having successfully exercised his right to seek our review."

DECREE
For the reasons expressed above, the defendant's conviction and sentence are set aside and this case is remanded to the trial court for proceedings consistent with this opinion.
*288 CONVICTION AND SENTENCE SET ASIDE; CASE REMANDED.
SEXTON, J., dissents and assigns written reasons.
SEXTON, Judge, dissenting.
The question of whether possession with intent to distribute a controlled dangerous substance is responsive to the charge of possession of a specific (large) amount of controlled dangerous substance is a difficult one. I am inclined to the view that it is. However, I believe we need not reach that question.
Assuming arguendo that there had been no previous oral amendment to the bill of information prior to the guilty plea here of April 23rd (the district attorney so contended before the plea but the record is unclear in this respect), then I believe the statement of the district attorney with respect to the charge amounts to such. Parenthetically, it should be noted that it is clear that the defendant knew exactly what he was pleading to. State v. Cook, 372 So.2d 1202 (La.1979), which requires an amendment to a bill for a nonresponsive plea, does not require the amendment to be in writing. Thus, it seems to me that the instant situation is just the one contemplated by LSA-C.Cr.P. Art. 558.
I respectfully dissent and would deny the writ.

ON APPLICATION FOR REHEARING
Before MARVIN, JASPER E. JONES, SEXTON, HALL and FRED W. JONES, Jr., JJ.
Rehearing denied.
NOTES
[1] Because we reverse the defendant's conviction and sentence for error patent on the face of the record, we pretermit discussion of defendant's claim of ineffective assistance of counsel.
[2] C.Cr.P. art. 815 provides:

Art. 815. Responsive verdicts; in general
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not guilty.
[3] We note the validity of an oral amendment to the bill of information where the accused pleads guilty to a responsive charge may still be in question. LSA-C.Cr.P. art. 384 provides "an information is a written accusation of crime ..." Citing this article, the supreme court has stated "An oral Bill of Information is no Bill of Information at all." See State v. Buttner, 411 So.2d 35 (La.1982).
[4] The 1986 amendment reduced the minimum pounds of drugs in possession from 100 to 60 pounds.
[5] Marijuana is a Schedule I controlled dangerous substance. See LSA-R.S. 40:964 C(22).
[6] In a case where the trial court's jury instructions on responsive verdicts were assigned as error on appeal by the defendant, the court concluded those verdicts responsive to LSA-R.S. 40:966E are controlled by LSA-C.Cr.P. art. 815 and would include as a responsive verdict possession of less than the minimum amount stated in the statute. State v. Diaz, supra.
[7] The state filed an untimely amended bill of information on October 6, 1987, more than two years after the plea was entered.
[8] The trial judge in his memorandum in support of the order denying defendant's application cited LSA-C.Cr.P. art. 930.4 which provides in pertinent part:

Art. 930.4. Repetitive applications
A. Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.
[9] In its entirety, LSA-C.Cr.P. art. 930.3 provides:

Art. 930.3. Grounds
If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
(1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;
(2) The court exceeded its jurisdiction;
(3) The conviction or sentence subjected him to double jeopardy;
(4) The limitations on the institution of prosecution had expired;
(5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or
(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.