681 So.2d 39 (1996)
STATE of Louisiana, Appellee,
v.
Phillip D. RIVERS, Appellant.
No. 28565-KA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1996.
*40 Indigent Defender Board by David Hilburn, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley R. Graves, Assistant District Attorney, for Appellee.
Before HIGHTOWER, WILLIAMS, and STEWART, JJ.
HIGHTOWER, Judge.
Originally charged with armed robbery, La.R.S. 14:64, Phillip Rivers pled guilty to conspiracy, La.R.S. 14:26, to commit that crime. On appeal, he argues that the district judge imposed an excessive sentence and had not previously advised him of the sentencing range. Our review discloses an error patent invalidating defendant's plea. Accordingly, we reverse the conviction and remand the case for further proceedings.
Jurisdictional defects are those defects which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged. State v. Cook, 372 So.2d 1202 (La.1979); State v. Gooden, 523 So.2d 283 (La.App. 2d Cir.1988), writ denied, 530 So.2d 570 (La.1988). In addressing appeals from guilty pleas, we may review jurisdictional defects discoverable as error patent on the face of the record. Id., see also La.C.Cr.P. Art. 920(2). Jurisdiction ratione materiae is nonwaivable and, without it, the court's action is an absolute nullity. State v. Gooden, supra. Such deficiencies, even when arising through a guilty plea, must be recognized upon review. State v. Monroe, 25,825 (La.App. 2d Cir. 03/30/94), 635 So.2d 481.
In all prosecutions, the Louisiana Constitution requires that the accused be informed of the nature and cause of the accusation against him. La. Const. Art. 1, § 13. A defendant cannot plead guilty to a crime with which he is not charged, and the trial judge is without authority to accept such a plea. State v. Gooden, supra. Of course, the constitutional mandate may be satisfied if the accused enters a plea to a lesser included offense of the same generic class that does not require proof of any element not found in the originally charged crime. See State v. Cook, supra. Criminal conspiracy to commit a crime, however, is an inchoate offense separate and entirely distinct from the completed crime. State v. Richards, 426 So.2d 1314 (La.1982); State v. Ellis, 94-599 (La.App. 5th Cir. 05/30/95), 657 So.2d 341, writs denied, 95-2095 (La.12/08/95), 664 So.2d 421, 95-1639 (La. 01/05/96), 666 So.2d 300. Also, as an additional element not necessary for most offenses, conspiracy requires proof of a combination or agreement of purpose between two or more persons. See Reporter's Comments to La.R.S. 14:26.
In the instant matter, no oral or written amendment to the original bill of information appears of record. Thus, inasmuch as the accused pled guilty to conspiracy, a crime with which he had not been charged, we are constrained to set aside the conviction and remand for further proceedings.
CONVICTION AND SENTENCE REVERSED; CASE REMANDED.