779 So.2d 884 (2000)
STATE of Louisiana, Appellee,
v.
Kevin J. KENDRICK and Tori Veronique Agers, Appellants.
No. 34,097-KA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2000.
*885 Richard J. Gallot, Jr., Ruston, Counsel for Appellant.
Richard Ieyoub, Attorney General, Robert W. Levy, District Attorney, Stephen K. Hearn, Jr., Assistant District Attorney, Counsel for Appellee.
Before NORRIS, C.J., and CARAWAY and DREW, JJ.
DREW, J.
After an I-20 traffic stop, defendants were found to possess a large quantity of cocaine in their vehicle. The contraband was discovered pursuant to an alleged consent search, which was the subject of a Motion to Suppress, which was denied. The defendants pled guilty under State v. Crosby, 338 So.2d 584 (La.1976), reserving their rights to appeal the adverse ruling on their Motion to Suppress. Because of problems with the bill of information, relative to the purported pleas entered, we vacate both guilty pleas, set aside the convictions and sentences and remand this case to the trial court.

DISCUSSION

ERROR PATENT
Jurisdictional defects, discoverable as error patent on the face of the record, are those defects which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged. State v. Cook, 372 So.2d 1202 (La.1979); State v. Gooden, 523 So.2d 283 (La.App. 2d Cir.1988), writ denied, 530 So.2d 570 (La.1988). Article 1, § 13 of the Louisiana Constitution of 1974 requires that in a criminal prosecution, the accused shall be informed of the nature and cause of the accusation against him. The accused cannot plead guilty to a crime with which he is not charged and the trial judge is without authority to accept such a plea. State v. Stevens, 452 So.2d 289 (La.App. 2d Cir.1984). Jurisdiction ratione materiae is nonwaivable, and without it a court's action is an absolute nullity. State v. Gooden, supra.
Our review of this record reveals:
1. The original bill of information, which was never amended, orally, or in writing, charges the defendants with Possession of over 400 grams of cocaine, contrary to R.S. 40:967.B. The "B" section *886 contains various sentencing provisions; the actual crime alleged to be violated is in the "A" section of the statute.
2. Before the Motion to Suppress, the Assistant District Attorney stated in open court, in the presence of defense counsel: "Your Honor, for the record, I believe the docket reflects both defendants have been charged with possession of cocaine with intent. The actual billing charge is possession of cocaine in excess of 400 grams." What this means is subject to conjecture. Nevertheless, what is clear is that the bill was never formally amended.
3. Defendant Kendrick pled guilty to Possession of Cocaine with Intent to Distribute, for an agreed sentence. The words spoken at the guilty plea are quite clear. However, this charge is NOT responsive to the charge on the bill of information.
4. Defendant Agers pled guilty to Possession of Cocaine which WOULD be responsive to a properly-drafted bill alleging possession of more than 400 grams of cocaine. Again, the words spoken at the guilty plea are quite clear. However, this bill is not properly drafted, as it alleges the violation of a portion of the statute which merely contains penalty provisions for many charges.
With chewing gum and baling wire, perhaps the merits of one of these pleas could be reviewed. However, that approach would fail to recognize that, at least in this case, adherence to form matters. The guilty pleas are flawed because of the deficient bill of information. La. Const. Art. 1, Sec. 13. In addition, judicial economy will be well-served in deciding these two cases together. Accordingly, we do not reach the merits of these appeals. Exercising our error patent review authority under La.C.Cr.P. art. 920(2), we vacate the plea of guilt from each defendant and set aside each defendant's conviction and sentence.

DECREE
The convictions and sentences are VACATED and this matter is REMANDED to the trial court for further proceedings not inconsistent herewith.
NORRIS, C.J., concurs in part and dissents in part with written reasons.
NORRIS, C.J., concurring in part and dissenting in part.
I respectfully dissent from the majority's opinion insofar as it vacates Ms. Agers's guilty plea.
The bill of information charged both defendants with "Possession of Schedule II, Controlled Dangerous Substance over 400 grams" but contained the incorrect citation, "R.S. 40:967(B)." In fact, the correct cite for this offense is R.S. 40:967 F(1)(c). Both defendants filed motions for bills of particulars admitting, "Defendant is charged by Bill of Information with Possession of Schedule II CDS over 400 grams." Under these circumstances, I cannot agree that either defendant was misled as to the true nature of the charge.
"Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of the conviction if the error or omission did not mislead the defendant to his prejudice." La.C.Cr.P. art. 464. I am not aware of any case, until today, which vacates a guilty plea to R.S. 40:967 simply because the bill cites the wrong subsection. In fact, the only reported cases hold exactly the opposite. See: State v. Ramirez, 96-302 (La.App. 3 Cir. 11/6/96), 684 So.2d 52; State v. Belino, 96-0789 (La.App. 1 Cir. 12/20/96), 686 So.2d 101, writ denied 98-2992 (La.6/25/99), 745 So.2d 625. Even when the bill of information supplies the completely wrong section number, the conviction is upheld. See: State v. Taylor, 96-1043 (La.App. 3 Cir. 2/5/97), 688 So.2d 1262 (confusing R.S. 14:26 with 14:27); *887 State v. Maxey, 520 So.2d 1000 (La.App. 3 Cir.1987) (confusing R.S. 14:75 with 14:74); State v. Bishop, 98-1147 (La.App. 3 Cir. 2/3/99), 734 So.2d 674, writ denied 1999-2499 (La.2/11/00), 754 So.2d 932 (confusing 14:60 with 14:81).
Article 464, the jurisprudence just cited, and the motions for bills of particulars far from being "chewing gum and baling wire"firmly convince me that the instant bill of information is not deficient. I would affirm the validity of the information and address the merits of Ms. Agers's Fourth Amendment claim. Therefore I respectfully dissent.
Nevertheless, I concur insofar as Kendrick's guilty plea is concerned. He was charged by bill of information with possession of over 400 grams of cocaine, but pled guilty to possession of cocaine with the intent to distribute, which is not responsive. See: State v. Gooden, 523 So.2d 283 (La.App. 2 Cir.), writ denied 530 So.2d 570 (1988). The State may accept a nonresponsive plea if it amends the bill of information in writing. La.C.Cr.P. art. 464 B. It failed to do so.
I therefore concur and would vacate only Kendrick's guilty plea.