JjLOLLEY, J.
This criminal appeal arises from the Eighth Judicial District Court for the Parish of Winn, State of Louisiana. Daniel David Roark (“Roark”) entered a guilty plea to theft over five hundred dollars pursuant to La. R.S. 14:67 B(l), for which he was sentenced to serve nine years imprisonment. Roark now appeals. For the following reasons, the defendant’s conviction is reversed, his sentence is vacated, and the matter is remanded for further proceedings.
Facts
In May 2002, Roark and a companion illegally entered ten hunting camps belonging to the members of the Flatcreek Hunting Club and took several items, including binoculars, shot gun shells, a VCR, gloves, and other items, the value of which totaled in excess of $500.00. For his part in the crime, Roark was initially charged with one count of simple burglary of ten hunting camps, in violation of La. R.S. 14:62, punishable by imprisonment of not more than 12 years, with or without hard labor and an optional fine of up to two thousand dollars. As part of a plea-bargain agreement, the state agreed to accept a guilty plea to the reduced charge of theft of things valued five hundred dollars or more, a violation of La. R.S. 14:67 B(l). The defendant was advised of his Boykin rights and indicated that he understood and waived those rights. The state set forth the factual basis for the plea into the record, and the trial court accepted the defendant’s guilty plea as freely and voluntarily given.
Also as part of the plea-bargain, the state agreed to sentencing under La. C. Cr. P. art. 893, which sentencing would take place the following 12month. Roark’s sentencing exposure was ten years imprisonment with or without hard labor and an optional fine of not more than three thousand dollars.
After his sentencing hearing, Roark was sentenced under La. C. Cr. P. art. 893, to pay a fine of one thousand dollars and *530 court costs. Imposition of the jail sentence was suspended, and he was placed on three years supervised probation with special conditions. However, due to violation of the terms of his parole, Roark’s probation subsequently was revoked, and he was sentenced to serve nine years imprisonment. At the sentencing, an oral objection to the sentence was made. The defendant was advised of the time delays within which to apply for post-conviction relief under La. C. Cr. P. art. 930.8, and of his right to appeal. Roark now appeals his sentence as excessive under the facts and circumstances of the case.
Discussion
As stated, Roark was originally charged with simple burglary and pled guilty to the reduced charge of theft of things valued five hundred dollars or more. On appeal, he argues that the district judge imposed an excessive sentence. Our review discloses an error patent invalidating defendant’s plea. Accordingly, we reverse the conviction, vacate the sentence, and remand the case for further proceedings.
Jurisdictional defects, discoverable as error patent on the face of the record, are those defects which, even conceding the accused’s factual guilt, do not permit his conviction of the offense charged. State v. Cook, 372 So.2d 1202 (La.1979); State v. Kendrick, 34,097 (La.App.2d Cir.12/20/00), 779 So.2d 884; State v. Gooden, 523 So.2d 283 (La.App. 2d Cir.1988), writ denied, 530 So.2d 570 (La.1988). In addressing appeals from guilty pleas, we may review jurisdictional defects discoverable as error patent on the face of the record. State v. Cook, supra; State v. Gooden, supra; see also La. C. Cr. P. art. 920(2). Jurisdiction ratione materiae is nonwaivable and, without it, the trial court’s action is an absolute nullity. State v. Gooden, supra. Such deficiencies, even when arising through a guilty plea, must be recognized upon review. State v. Rivers, 28,565 (La.App.2d Cir.09/25/96), 681 So.2d 39; State v. Monroe, 25,825 (La.App.2d Cir.03/30/94), 635 So.2d 481.
In all prosecutions, the Louisiana Constitution requires that the accused be informed of the nature and cause of the accusation against him. La. Const. Art. 1, §§ 13. A defendant cannot plead guilty to a crime with which he is not charged, and the trial judge is without authority to accept such a plea. State v. Kendrick, supra; State v. Rivers, supra; State v. Gooden, supra. Here, the original bill of information charged Roark with simple burglary. The state agreed to accept the defendant’s guilty plea to the reduced charge of theft of things valued five hundred dollars or more. However, that crime is not a responsive verdict to the original bill of information charging the defendant with simple burglary. See, La. C. Cr. P. art. 814 A(44).
A defendant is not prohibited from entering a plea of guilty to a crime non-responsive to the original indictment when such a plea is acceptable to the district attorney. La. C. Cr. P. art 487 B. Although the district attorney 14is not required to file a new indictment to charge the crime to which the plea is offered, in such a case, however, the district attorney must amend the indictment to indicate the non-responsive crime. State v. Gooden, supra.
In the case sub judice, no oral or written amendment to the original bill of information appears of record. Thus, the trial court lacked jurisdiction to accept Roark’s guilty plea to a non-charged offense. The conviction and sentence are therefore illegal and are annulled. The defendant’s conviction is reversed, his sentence is vacated and the matter is remanded for further proceedings.
*531 CONVICTION REVERSED, SENTENCE VACATED AND REMANDED.