J^MOORE, J.
Defendant was charged by bill of information with conspiracy to manufacture a Schedule II Controlled Dangerous Substance, Methamphetamine, with intent to distribute in violation of La. R.S. 14:26 and La. R.S. 40:967(A)(1).[1] Subsequently, in open court, the assistant district attorney orally moved to amend the bill to a charge of Manufacture and Production of Methamphetamine in violation of La. R.S. 40:967(A)(1). At that time, defendant en *207 tered a plea of guilty to the amended charge in exchange for a sentencing cap of 15 years and the state’s agreement to drop any other known pending charges. The defendant was advised of his Boykin rights and indicated that he understood and waived those rights. The state set forth the factual basis for the plea into the record, and the trial court accepted the defendant’s guilty plea as freely and voluntarily given. The court subsequently imposed a sentence of 15 years at hard labor, ten years of which to be served without benefit of probation, parole or suspension of sentence. Defendant filed this appeal alleging the sentence is excessive. Finding the court lacked jurisdiction to accept the guilty plea, we vacate and set aside defendant’s conviction and sentence.
Jurisdictional defects, discoverable as error patent on the face of the record, are those defects which, even conceding the accused’s factual guilt, do not permit his conviction of the offense charged. State v. Cook, 372 So.2d 1202 (La.1979); State v. Kendrick, 34,097 (La.App. 2 Cir.12/20/00), 779 So.2d 884; State v. Gooden, 523 So.2d 283 (La.App. 2 Cir.1988), writ denied, 530 So.2d 570 (La.1988). In addressing appeals from guilty pleas, we |2may review jurisdictional defects discoverable as error patent on the face of the record. State v. Cook, supra; State v. Gooden, supra; see also La. C. Cr. P. art. 920(2). Jurisdiction ratione materi-ae (subject matter jurisdiction) is nonwaivable and, without it, the trial court’s action is an absolute nullity. State v. Gooden, supra. Such deficiencies, even when arising through a guilty plea, must be recognized upon review. State v. Rivers, 28,565 (La.App. 2 Cir. 9/25/96), 681 So.2d 39; State v. Monroe, 25,825 (La.App. 2 Cir. 3/30/94), 635 So.2d 481.
Pursuant to La. C. Cr. P. art. 558, a defendant, with the consent of the state, may plead guilty to a lesser offense that is included in the offense charged in a bill of information. When this is done, it is unnecessary to amend the bill of information or file a new bill of information. State v. Hebert, 506 So.2d 863 (La.App. 1 Cir.1987). Pursuant to La. C. Cr. P. art. 487, a defendant, with the consent of the state, may plead guilty to a crime which is not responsive to the original bill of information. When this is done, the state must either amend the bill of information or file a new bill of information. State v. Cook, supra; State v. Johnson, 499 So.2d 244 (La.App. 2 Cir.1986); State v. Gooden, supra. If the state elects to amend a bill of information to state a nonresponsive charge, the amendment must be in writing. State v. Breaux, 504 So.2d 1011 (La.App. 1 Cir. 1987); see State v. Kendrick, supra, (C.J. Norris concurring in part); see also, State v. Buttner, 411 So.2d 35 (La.1982) (“An oral Bill of Information is no Bill of Information at all.”).
|3In this instance, the crime to which the defendant pled guilty is non-responsive to the original charge of conspiracy to manufacture methamphetamines with intent to distribute. La. C. Cr. P. arts. 814 and 815. Although the state orally moved to amend the bill to a charge of manufacturing methamphetamines, our law and jurisprudence requires that the information charging a new offense nonre-sponsive to the original indictment must be in writing.[2] State v. Breaux, supra; cf. State v. Gooden, supra.
*208 Thus, the trial court lacked jurisdiction to accept the defendant’s guilty plea to a non-charged offense. We therefore vacate and set aside the guilty plea and the sentence imposed by the court. We remand to the trial court for further proceedings.
CONVICTION AND SENTENCE VACATED; REMANDED.

. Subsequent amended bills were filed adding more co-defendants.

. We are aware that some courts have considered the failure to amend the Bill of Information to be harmless error. See State v. Richard, 99-1078 (La.App. 3 Cir. 12/27/00), 779 So.2d 927; State v. Charles, 02-0443 (La.App. 3 Cir. 10/2/02), 827 So.2d 553; and State v. Narcisse, 01-49 (La.App. 5 Cir. 6/27/01), 791 So.2d 149.