|, STEWART, J.
The defendant, Jackie Blake, pled guilty to one count of felony possession of stolen property, a violation of La. R.S. 14:69(B)(2) punishable by imprisonment for not more than two years, a $2,000 fine, or both. He appeals his two year sentence as excessive. Finding error patent, we pretermit discussion of the assigned error, reverse the conviction and sentence, and remand for further proceedings.
*1189 FACTS
The record shows that Blake was charged by bill of information with two counts of simple burglary, a violation of La. R.S. 14:62 punishable by imprisonment for not more than twelve years. However, the state agreed to accept Blake’s guilty plea to felony possession of stolen property. As part of the agreement, the state would not seek prosecution of Blake as an habitual offender. The court informed Blake prior to accepting his plea that a two year sentence would be imposed if he pled guilty. After appropriate proceedings, the court accepted Blake’s guilty plea and imposed the two year sentence. The state dismissed the second count of simple burglary.
DISCUSSION
Our review of the record reveals error patent concerning Blake’s plea to felony possession of stolen property. An unresponsive verdict is error patent and is reviewable on appeal despite the absence of an objection during trial. State v. Turnbull, 377 So.2d 72, 75 (La.1979); State v. Gooden, 523 So.2d 283, 284 (La.App. 2d Cir.1988), writ denied, 530 So.2d 570 (La.1988).
| ;>A defendant, with the district attorney’s consent, may plead guilty to a lesser offense that is included in the offense charged in the bill of information or indictment. La.C.Cr.P. art. 558. When this is done, it is unnecessary for the district attorney to amend the bill of information or to file a new bill. State v. Porterfield, 524 So.2d 1363, 1368 (La.App. 1st Cir.1988), vacated on other grounds, 541 So.2d 909 (La.App. 1st Cir.1988).
La.C.Cr.P. art. 814(A)(44) sets forth the responsive verdicts for a charge of simple burglary. These include guilty, guilty of attempted simple burglary, guilty of unauthorized entry of a place of business, guilty of attempted unauthorized entry of a place of business, and not guilty. Felony possession of stolen things is not among the responsive verdicts. A lesser include offense must be of the same generic class and must not require proof of any element which is not found in the crime charged. State v. Gooden, 523 So.2d at 285. Unlike the pled offense of felony possession of stolen things, simple burglary does not require proof of possession of stolen goods. State v. Tran, 97-640 (La. App. 5th Cir.3/11/98), 709 So.2d 311, 317. Therefore, the pled offense is not a lesser included offense to the charged offense of simple burglary.
A defendant is also allowed to enter a guilty plea to a crime nonrespon-sive to the original indictment where the plea is acceptable to the district attorney. State v. Gooden, 523 So.2d at 285. La. C.Cr.P. art. 487(B) states:
B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such ease, the district | ¡¡attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
While the district attorney is not required to file a new bill or indictment to charge the nonresponsive crime, the district attorney is required to amend the bill or indictment. State v. Cook, 372 So.2d 1202, 1205 (La.1979); State v.Gooden, 523 So.2d at 285; State v. Johnson, 499 So.2d 244 (La. App. 2d Cir.1986). There was no amendment to the bill of information in this case.
In such a case, where the district attorney neither amends the bill of information nor files a new bill, the trial judge does not have jurisdiction to accept a plea to the new offense. State v. Cook, supra. *1190 A guilty plea to a charge which does not conform to the bill of information is error patent on the face of the record. State v. Cook, supra; State v. Gooden, supra.
CONCLUSION
In the present case, because the defendant entered a plea of guilty to an uncharged offense, the trial court lacked jurisdiction to accept the guilty plea. Therefore, we must reverse the conviction and sentence. We remand the matter for further proceedings.
REVERSED AND REMANDED.