STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-338 consolidated with 04-339

STATE OF LOUISIANA

VERSUS

ROBERT THOMAS SMITH

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 259,154
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**********
ULYSSES GENE THIBODEAUX
CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, C.J., Billie Colombaro Woodard, and Oswald A. Decuir, Judges.

WOODARD, J., CONCURS IN THE RESULT.

REVERSED AND REMANDED;
CONVICTIONS AND SENTENCES VACATED
AND SET ASIDE.

James C. Downs
District Attorney - Ninth Judicial District Court
Michael W. Shannon
Assistant District Attorney
P. O. Drawer 1472
Alexandria, LA 71309
Telephone: (318) 473-6650
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Karen G. Arena
Louisiana Appellate Project
110 Veterans Boulevard - Suite 222
Metairie, LA 70005
Telephone: (504) 828-6870
COUNSEL FOR:
    Defendant/Appellant - Robert Thomas Smith

**Robert Thomas Smith**
**Pro Se**
**Louisiana State Penitentiary**
**Angola, LA 70712**

**Robert Thomas Smith**
**Pro Se**
**Louisiana State Penitentiary**
**Angola, LA 70712**

THIBODEAUX, Chief Judge.

The Defendant, Robert Thomas Smith, pled guilty to manslaughter and aggravated robbery charges[1] with an agreed-upon sentencing cap of sixty years for both charges. He reserved his right to appeal on grounds of excessive sentence. After being sentenced to consecutive terms of forty years at hard labor for manslaughter and twenty years at hard labor for aggravated robbery, the Defendant appeals his convictions and sentences.

Because the crime of aggravated robbery was nonexistent at the time of the commission of the offense, we reverse the convictions and sentences. The guilty pleas are vacated and set aside and we remand to the trial court for further proceedings with the result that the parties are in the same position which they occupied prior to the plea bargain. *State v. Boudreaux*, 402 So.2d 629 (La.1981).

## LAW AND DISCUSSION

### *Validity of the Guilty Plea*

The Defendant contends his guilty plea is null and void because he pled to an offense that was nonexistent at the time of the commission of the offense. The charging instrument alleges that the aggravated robbery occurred October 1, 2000; however, the crime of aggravated robbery was enacted and became effective August 15, 2001, almost one year after the commission of the offense. See 2001 La. Acts No. 347 § 1.

The State asserts on appeal that the Defendant and his attorney requested that he be allowed to plead guilty to aggravated robbery because it was not defined as a crime of violence. The State claims it acquiesced and allowed the Defendant to

---

[1]The aggravated robbery charge was filed under a separate docket number.

1

plead to the crime although the parties were aware that aggravated robbery was not defined as a crime at the time of commission. According to the State's brief, defense counsel assured them that he would not raise the issue on appeal and would raise only the excessive sentence issue. The State contends it proceeded with the plea agreement based upon this reassurance. The State argues that the Defendant received what he requested and this court should uphold the plea as it is a contract between the State and the Defendant. The State suggests that this claim was waived by the Defendant at the time of his plea and that if this court sets aside the conviction and sentence for aggravated robbery, the Defendant has breached the plea bargain and the matter should be remanded to either enforce the agreement or vacate the plea.

The Defendant filed a reply brief noting that most of the State's factual allegations are not contained in the record. Accordingly, he requests this court not consider them on appeal. Additionally, the Defendant notes that a plea bargain is unenforceable if it is entered into without a lawful cause. The Defendant also contends that his guilty plea to manslaughter should not be affected because the charge arose out of a different case number than the aggravated robbery charge.

In response to the Defendant's reply brief, the State requested and was granted leave of court to file a second brief. In this brief, the State contends that it contacted the Defendant's trial counsel and he acknowledged that he requested his client be allowed to plead to aggravated robbery since it was not defined as a crime of violence. Although counsel stated he contacted Defendant's appellate counsel and apprised her of these facts, she still persisted in her request to have the factual allegations set forth by the State in its original brief stricken. Despite the State's request that trial counsel submit an affidavit reflecting the facts surrounding the plea bargain negotiations, he refused. The State requests that the pleas should be upheld

2

and if this court determines the record is insufficient, that the case should be remanded for an evidentiary hearing for trial counsel to testify to these facts.

Jurisprudence exists which, although not directly on point, lends guidance on this issue. In *State v. Alfred*, 95-76 (La.App. 3 Cir. 5/3/95), 657 So.2d 116, the defendant pled no contest to a crime she could not have committed. Criminal abandonment, the crime to which the defendant pled no contest, requires that the abandoned child be under the age of ten. The charges in the bill of indictment did not state facts sufficient to charge the crime of criminal abandonment. Thus, this court recognized as error patent that the defendant legally could not have committed the offense to which she pled no contest and it reversed her convictions and sentences for criminal abandonment. Additionally, because Alfred's guilty plea to the charge of second degree battery was part of the plea agreement with the charge of criminal abandonment, a crime the trial court had no authority to accept, this court found the plea to that charge was also invalid.

Similar action was taken by this court in *State v. Presley*, 99-802 (La.App. 3 Cir. 3/1/00), 758 So.2d 308. In *Presley*, this court discovered an error patent in the defendant's guilty plea. Pursuant to a plea agreement, the defendant pled guilty to aggravated criminal damage to property and attempted assault by drive-by shooting, an offense which is not a recognized offense under Louisiana law. Thus, this court vacated the plea and set aside the convictions and sentences. The case was remanded for further proceedings with the instructions that the defendant had the option of either pleading guilty or proceeding to trial on the charged offenses and if he chose to plead guilty, the sentence imposed should be no greater than the original sentence.

In *State v. Holmes*, 03-177 (La.App. 3 Cir. 2/18/04), 866 So.2d 406, the defendant pled guilty to two counts of obscenity. On review of the denial of a post-conviction relief application, he alleged that his plea to one of the charges was invalid because the crime did not exist. At the time of the commission of the offense, one of the essential elements of the crime of obscenity was that the conduct occur in a public place or place open to public view. Within hours after the commission of the offense, the language of the statute was expanded by the legislature to encompass proscribed conduct occurring "in any prison or jail." Since the conduct at issue in the case occurred in the jail shower, the amended language criminalized the defendant's actions. The defendant argued that the application of the amended statute to his case constituted *ex post facto* application of law. This court determined that a prison shower was not a "place open to the public view" and that the defendant's conduct did not constitute obscenity under the law as it existed at the time of the commission of the offense. Thus, this court reversed the defendant's conviction and sentence for that charge.

The foregoing cases indicate the Defendant's pleas should be vacated, but they do not discuss whether such an error may be waived, as alleged by the State. In *Alfred*, this court characterized a similar error, one in which the defendant legally could not commit the charged crime, as a jurisdictional defect. Such a defect cannot be waived by the entry of a guilty plea. The supreme court has stated:

> [E]ven an *un* qualified plea of guilty does not preclude review of what are regarded as "jurisdictional" defects – those which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged. These include, for example: the lack of jurisdiction of the sentencing court, La.C.Cr.P. art. 362(1); the conviction represents double jeopardy, La.C.Cr.P. art. 362(2), *State ex rel. Wikberg v. Henderson*, 292 So.2d 505 (La.1974); *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); the prosecution, when instituted, had

4

prescribed, La.C.Cr.P. art. 362(7), see also *State ex rel. Williams v. Henderson*, 289 So.2d 74 (La.1974); the state lacked constitutional or legal power to try the accused for the offense charged, *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *State ex rel. Jackson v. Henderson*, 283 So.2d 210 (La.1973); the statute under which the prosecution is brought is unconstitutional, *State v. Bergeron*, 152 La. 38, 92 So. 726 (1922); the charge brought by the indictment does not constitute a crime, *State v. Watson*, 41 La.Ann. 598, 7 So. 125 (1889); certain types of patent error preventing conviction for the offense, La.C.Cr.P. art. 920(2), see indicative listing at *State v. Guillot*, 200 La. 935, 9 So.2d 235, 239 (1942).

*State v. Crosby*, 338 So.2d 584, 588 (La.1976).

The State contends this case is similar to *State v. Gobert*, 02-771 (La.App. 3 Cir. 11/12/03), 865 So.2d 779, a case in which the defendant pled guilty despite a double jeopardy violation inherent in the plea agreement. From the record, this court determined that both the defendant and his attorney were aware of the violation, but the defendant chose to plead guilty to avoid the imposition of a mandatory life sentence. This court concluded that "fundamental fairness dictate[d] that Mr. Gobert, who knowingly and intelligently entered a plea that raised double jeopardy concerns, [could not] attack the validity of that plea. Thus, we find that he waived his right to attack its validity." *Id.* at 786. Earlier in the opinion, this court stated:

> Generally, a guilty plea is considered a waiver of all non-jurisdictional defects and courts usually only review them to ensure that the plea was both counseled and voluntary. An exception to this rule exists for double jeopardy violations. A plea of guilty (or plea bargain) does not preclude a double jeopardy challenge when the violation is apparent on the face of the record. However, in *United States v. Broce*, [488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989),] the United States Supreme Court noted an important qualification to this rule when it stated: "We do not hold that a double jeopardy claim may never be waived."

*Id.* at 784. (Footnotes omitted).

5

The Louisiana Supreme Court has also held an exception exists for double jeopardy violations. In *State v. Arnold*, 01-1399 (La. 4/12/02), 816 So.2d 289, 290, the court stated:

> Generally, guilty pleas constitute a waiver of all non-jurisdictional defects, *see, e.g., State v. McKinney*, 406 So.2d 160, 161 (La.1981), and generally courts review them only to ensure that the plea "was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). Though the Supreme Court and this Court have created an exception to this rule for double jeopardy violations, *Broce*, 488 U.S. at 575-76, 109 S.Ct. at 765; *State ex rel. Adams v. Butler*, 558 So.2d 552, 553 n. 1 (La.1990), that exception applies only "where on the face of the record the court had no power to enter the conviction or impose the sentence." *Broce*, 488 U.S. at 575-76, 109 S.Ct. at 765. Properly applied, the exception requires limited review of only the charging documents and plea colloquy. *See Hagan v. State*, 836 S.W.2d 459, 461 (Mo.1992).

*Gobert*, the case relied upon by the State, is distinguishable from the present case in that double jeopardy violations may be waived; most jurisdictional defects may not. See *State v. Rivers*, 28,565 (La.App. 2 Cir. 9/25/96), 681 So.2d 39, citing *State v. Gooden*, 523 So.2d 283 (La.App. 2 Cir.), *writ denied*, 530 So.2d 570 (La.1988).

A review of the foregoing case law dictates a conclusion that the Defendant's plea should be vacated, the convictions and sentences should be set aside and the case remanded to the trial court for further proceedings. The parties are now in the same position as they were prior to acceptance of the plea bargain. *State v. Boudreaux*, 402 So.2d 629 (La.1981).

## EXCESSIVENESS OF SENTENCE

The Defendant contends his sentences are excessive. This claim is now rendered moot.

## CONCLUSION

For the foregoing reasons, the Defendant's convictions and sentences are vacated and set aside.  This case is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED; CONVICTIONS AND SENTENCES VACATED AND SET ASIDE.**